SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

January 3, 2018

Michael J. Logullo, Esquire
Laura Bower Braunsberg, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1105
P.O. Box 588
Wilmington, Delaware 19899

David A. Boswell, Esquire
Hudson, Jones, Jaywork & Fisher, LLC
18354 Coastal Highway
Lewes, Delaware 19958

Re:     *Cannon v. Bolden, et al.,*
        C.A. No. S15C-02-021

On Defendant Neal's Motion for Summary Judgment:  GRANTED

Date Submitted:     October 16, 2017
Date Decided:       January 3, 2018

Dear Counsel,

There are a number of outstanding motions for summary judgment pending before the Court in the instant litigation. At the moment, only the Motion for Summary Judgment filed by Defendant Jason Neal individually and d/b/a/ C&C Repair (collectively, "Defendant Neal") is ripe for decision. For the reasons set forth herein, the Court grants Defendant Neal's Motion for Summary Judgment.

**Factual Background**

This action arises out of a motor vehicle collision that took place at the intersection of Brickyard Road and Sussex Highway on February 21, 2013, in Sussex County,

Delaware. Thorrhonda E. Cannon (hereinafter, "Plaintiff") was operating her 1998 Chevrolet Cavalier and traveling eastbound on Brickyard Road. Plaintiff alleges she came to a full stop on Brickyard Road at its intersection with Sussex Highway. When Plaintiff proceeded into the intersection, she was struck by a 2012 Ford Focus traveling northbound on Sussex Highway and operated by Melva N. Bolden (hereinafter, "Bolden"). Plaintiff suffered injuries as a result of this accident.

The Ford was a rental car owned by EAN Holdings, LLC, Enterprise Leasing Company of Philadelphia, LLC, and Enterprise Holdings, LLC, collectively ("the Enterprise Defendants").[1] On February 21, 2013, Defendant Neal agreed to arrange and pay for Bolden's rental car while he serviced her personal vehicle. They agreed to meet at the rental car company's location. Sometime near close-of-business at 6 p.m. on that date, Defendant Neal went to Enterprise Rent-A-Car's Seaford location ("Enterprise") and filled out the rental agreement form on Bolden's behalf. Bolden arrived as the paperwork was being completed and provided her driver's license to an Enterprise employee. Bolden was listed as an additional driver on the rental agreement and drove the vehicle off the lot.

Plaintiff alleges she was unable to see Bolden's vehicle at the time of the collision because Bolden was operating the Ford in the dark without headlights. Bolden testified under oath at her deposition that the car's headlights came on when she turned on the vehicle. Defendant Neal has submitted an affidavit wherein he avers that the car's

---

[1] The Enterprise Defendants have represented to the Court that the entity identified as "Enterprise Holdings, LLC" does not exist.

2

headlights were on when he observed Bolden driving out of Enterprise's parking lot.

Following the accident, Plaintiff filed suit against Bolden, the Enterprise Defendants, and Defendant Neal.

## Discussion

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[2] Once the moving party has met its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[3] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[4] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her case, summary judgment must be granted.[5] If, however, material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[6]

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[3] *Id.* at 681.

[4] Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[5] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *Celotex Corp.*, *supra*.

[6] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

3

"In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[7] Liability depends upon whether the defendant was "under a legal obligation - a duty - to protect the plaintiff from the risk of harm which caused his injuries."[8] "[I]n appropriate situations, a trial court is authorized to grant judgment as a matter of law because no duty exists."[9] Whether a duty exists is a question of law to be determined by the trial court.[10]

In Plaintiff's complaint, she lumps Defendant Neal and the Enterprise Defendants together when alleging liability on the basis of (1) agency, (2) negligent entrustment, and (3) failure to instruct Plaintiff on how to use the Ford's headlights. The agency and negligent entrustment theories of liability clearly do not apply to Defendant Neal. Indeed, Plaintiff seems to have abandoned these theories as her answering brief is silent as to Defendant Neal's positions on these issues. For the sake of clarity, however, the Court will address all three theories.

1. **Agency**

Plaintiff alleges the Enterprise Defendants and Defendant Neal "each failed to

---

[7] *Duphily v. Delaware Elec. Coop., Inc.*, 662 A.2d 821, 828 (Del. 1995).

[8] *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002).

[9] *Id.*

[10] *Id.*

exercise reasonable oversight of their respective employees and/or authorized agents, acting within the scope of their employment or agency, who failed to ensure that Defendant Bolden was properly trained in the operation of the Ford's headlights."[11]

The Restatement (Third) of Agency defines agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."[12]

Plaintiff has failed to allege, much less prove, the existence of an agency relationship between Defendant Neal and any of the Enterprise Defendants. Defendant Neal simply rented a vehicle from Enterprise as a customer. Neither Defendant Neal nor the Enterprise Defendants acted on the other's behalf or subject to the other's control. Plaintiff cannot prevail on the basis of an agency theory of liability against Defendant Neal.

**2.     Negligent Entrustment**

Plaintiff complains that the Enterprise Defendants and Defendant Neal "negligently entrusted the Ford to Defendant Bolden without ascertaining whether she knew how to operate its headlamps, and without providing any instruction or training on

---

[11] Plaintiff's Amended Complaint, filed June 20, 2017, at ¶ 27 (hereinafter, "Compl. at ¶ __").

[12] Restatement (Third) of Agency § 1.01 (2006).

5

how to operate its headlamps."[13] Further, Plaintiff alleges the Enterprise Defendants and Defendant Neal are liable under a negligent entrustment theory because they "exercised control" over the Ford and entrusted it to Bolden "whom they knew, or had reason to know, was not competent to safely operate that vehicle, especially as regards the headlamps."[14]

The elements of negligent entrustment are: (1) entrustment of the automobile, (2) to a reckless or incompetent driver whom (3) the person entrusting the vehicle has reason to know is reckless or incompetent and (4) the entrustment leads to damages.[15] "The owner's liability is based on his own negligence in entrusting the vehicle to one unfit to operate it."[16]

Plaintiff's claim of negligent entrustment is entirely conclusory. Even assuming Defendant Neal was the Ford's owner - which he was not - Defendant Neal has averred he had no knowledge of Bolden's allegedly reckless or incompetent driving history. Plaintiff has not refuted this sworn statement. In other words, Plaintiff is unable to prove a single element of negligent entrustment and her claim must fail on this basis, as well.

## 3.     Failure to Instruct

---

[13] Compl. at ¶ 28.

[14] Compl. at ¶ 29.

[15] *Perez-Melchor v. Balakhani*, 2005 WL 2338665, at *2 (Del. Super. Sept. 21, 2005) (citations omitted).

[16] *Fisher v. Novak*, 1990 WL 82153, at *2 (Del. Super. June 6, 1990).

6

The heart of this litigation as it relates to Defendant Neal is Defendant Neal's duty, if any, to instruct Bolden on how to use the headlights on the rental car Defendant Neal helped procure for her. Plaintiff does not cite any legal authority for the creation of a duty to instruct on the part of Defendant Neal. Rather, Plaintiff asserts Defendant Neal's responsibility to instruct Bolden on the use of the Enterprise Defendants' car's headlights arises out of his ownership of a mechanics shop and his allegedly unique knowledge that headlight systems can differ from vehicle to vehicle. Taken to its extreme, Plaintiff's position places a duty on Defendant Neal to instruct *any* person, in *any* situation, whom he witnesses about to use an automobile with which Defendant Neal had reason to know the person is unfamiliar. Such a conclusion is clearly unreasonable.

Nevertheless, in this case it is unnecessary to decide whether Defendant Neal had a legal duty to instruct Bolden about the possibility that the Ford was equipped with daytime running lights that would automatically turn off when the ambient light situation changed after Bolden left the Enterprise parking lot because his failure to do so was not the proximate cause of Plaintiff's injuries. When deposed, Bolden testified that any such instruction would have fallen on deaf ears because she would not have turned on the headlights, even if instructed on how to do so.

Plaintiff is simply unable to sustain a claim for negligence for failure to instruct against Defendant Neal.

## Conclusion

For the reasons set forth above, Defendant Neal's Motion for Summary Judgment

is GRANTED.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

oc: Prothonotary
cc: All Counsel of Record

FILED PROTHONOTARY
SUSSEX COUNTY
2018 JAN -3 PM 3: 32

8