John FRITZ, Plaintiff
Below, Appellant,

v.

William YEAGER, Defendant
Below, Appellee.

No. 79, 2001.

Supreme Court of Delaware.

Submitted: Jan. 29, 2002.
Decided: Feb. 12, 2002.

James J. Flynn (argued), David P. Cline, Wilmington, for appellant.

Robert K. Pearce (argued), William L. Doerler, Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for appellee.

Before: VEASEY, Chief Justice, WALSH, and STEELE, Justices.

PER CURIAM:

This is an appeal from a Superior Court ruling, during trial, granting judgment in favor of appellee/defendant below William Yeager ("Yeager") in a personal injury action brought by appellant/plaintiff below John Fritz ("Fritz"). Fritz sought damages for a hand injury that occurred while he was operating Yeager's table saw, on Yeager's premises, under a construction contract. After closing arguments but before submission to the jury, the Superior Court granted Yeager's motion for judgment as a matter of law on the ground that Yeager did not owe a duty to Fritz based on Restatement (Second) Torts § 392 and this Court's decision in *Farm Family Mut. Ins. Co. v. Perdue, Inc.,* 608 A.2d 726 (Del.1992). The court cited, as additional support, that the doctrine of assumption of the risk also barred Fritz' recovery. Fritz argues that the Superior Court erred in holding that Yeager owed him no duty, as a matter of law, and that the case should have been submitted to the jury for a determination of liability based on comparative negligence.

## I.

The relationship between the parties began in the spring of 1997, when Yeager hired Fritz to renovate a house Yeager had recently purchased in Milford, Delaware. Yeager chose Fritz for the job because Fritz had performed renovation work for him years earlier and Yeager respected his construction ability. Fritz has a college degree in industrial education and had been an industrial arts, or shop, teacher for twenty-five years before retiring. Throughout his teaching career, Fritz often performed construction work in the summer months.

The renovation of the Milford property was conducted under Yeager's general supervision, and Yeager provided all the materials and tools necessary for the job, including a table saw. On October 28, 1997, Fritz was operating the table saw provided by Yeager, on Yeager's property, when his hand slipped into contact with the blade, causing him serious physical injury.

It is undisputed that, at the time of the accident, the table saw's safety guard was not in place and, had it been, the accident would not have occurred. Yeager acknowledged that he removed the saw's safety guard sometime prior to beginning work on the Milford property. Fritz, however, was aware that the guard was not in place, and had even expressed concern about the safety of the saw without the guard. Yeager told Fritz that the guard was in the barn, but did not locate it for him, nor did Fritz attempt to locate the guard. Prior to the accident, Fritz had used the saw at least two times without having the guard in place. Additionally, the particular cut Fritz was performing when the accident occurred (a "cross cut") could have been accomplished by using a miter saw, which had a safety guard in place, and was located on the premises.

## II.

The standard of review in an appeal from a Superior Court's ruling upon a

motion for directed verdict is whether the evidence and all reasonable inferences that can be drawn therefrom, taken in a light most favorable to the nonmoving party, raise an issue of material fact for consideration by the jury. *Russell v. Kanaga,* 571 A.2d 724, 731 (Del.1990). In a tort action, however, it is the plaintiff's burden to establish a *prima facie* basis for recovery as to all elements of his claim. *Farm Family Mut. Ins. Co. v. Perdue, Inc.,* 608 A.2d 726 (Del.1992).

■ In order to be held liable in negligence, a defendant must have been under a legal obligation—a duty—to protect the plaintiff from the risk of harm which caused his injuries. *Bryant v. Delmarva Power & Light Co.,* 1995 WL 653987, *2 (Del.Super.1995). Whether a duty exists "is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court." *Id.,* citing Prosser & Keeton on the Law of Torts § 37, at 236 (5th ed.1984). Accordingly, in appropriate situations, a trial court is authorized to grant judgment as a matter of law because no duty exists. *See* Super.Ct.Civ.R. 50.

The Superior Court found that Restatement (Second) of Torts § 392 provided the standard or duty of care required of Yeager. Section 392 of the Restatement (Second) of Torts provides as follows:

> One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied

> (a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or

> (b) if he fails to exercise reasonable care to discover its dangerous condition or character, and to inform those whom he should expect to use it.

■ Under Delaware law, the duty to warn extends only to those who can reasonably be assumed to be ignorant of the danger. Where the user has actual knowledge of the alleged danger, there is no duty to warn. *Farm Family,* 608 A.2d 726 (holding it would have been improper for the trial judge to submit the issue to the jury because the plaintiff was aware of the danger). In this case, the Superior Court held that Yeager's duty to warn or make the saw safe was discharged because of Fritz' superior knowledge of the saw's dangerousness.

■ We agree with the Superior Court that § 392 provides the relevant standard of care here. Fritz argues that, as a business invitee, Yeager owed him a duty to render the premises safe. *See Koutoufaris v. Dick,* 604 A.2d 390, 398 (Del.1992). Fritz was not injured as a result of a condition on the land, however, but by reason of the use of a specific chattel on the premises. Thus, the standards of premises liability do not apply. Fritz used the chattel with full knowledge that its condition, the absence of the guard, rendered it dangerous. In fact, Fritz possessed superior knowledge than Yeager by virtue of his twenty-five year career as an industrial arts teacher. Accordingly, this case falls squarely within the language of Restatement (Second) of Torts § 392 and the holding of *Farm Family* applies. The Superior Court's decision to grant Yeager a directed verdict is, therefore, affirmed.

## III.

In view of our affirmance of the Superior Court's grant of judgment as a matter of law, it is unnecessary to consider Fritz' additional claim that the court erred in holding that his action was barred by the assumption of the risk doctrine and we express no view on the correctness of that ruling.