MARK BROWN, Plaintiff Below, Appellant,
v.
F.W. BAIRD, L.L.C., t/a F.W. BAIRD PETROLEUM SERVICES Defendant Below, Appellee.
No. 493, 2007.
Supreme Court of Delaware.
Submitted: January 16, 2008.
Decided: February 7, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 7th day of February 2008, it appears to the Court that:
(1) Plaintiff-Appellant Mark Brown, Sr. slipped and fell on snow and ice in the parking lot of a Shore Stop convenience store in New Castle County, Delaware while he was delivering gasoline. Shore Stop had contracted with Defendant-Appellee F.W. Baird, L.L.C. (Baird) to provide snow removal and salting services. Baird, in turn, subcontracted services with an independent contractor. The contract between Baird and Shore Stop required Baird to perform only when the store authorized and requested Baird's services. On the day Brown fell, Shore Stop had not requested Baird to come and remove any snow and ice on its premises.
In Brown's negligence action against Baird, the trial judge found that Baird had no legal duty to provide snow removal at the Shore Stop that day. Thereafter, the Superior Court granted summary judgment for Baird. On appeal, Brown argues that the question of duty encompassed a disputed fact that should have been resolved by the jury because the independent contractor, on the day of the accident, began clearing snow at another convenience store without Baird's authorization and a default judgment had been entered against him. We find no merit to these arguments and affirm.
(2) On March 10, 2000, Baird entered into a contract with Fas Mart Convenience Stores, Inc., a Virginia corporation, to provide, among other things, snow plowing and snow removal for several of its Shore Stop convenience stores, including Store 253, the store where Brown fell. A subsidiary of Fas Mart, GPM Investments, LLC, operated Store 253. Specifically, the contract between Fas Mart and Baird provided that "Baird will furnish labor and materials to remove snow and ice at the Sites and at such Fas Mart office space as Fas Mart shall request." Baird subcontracted with R.L. Hindt, Co. to provide these services at Baird's request.
Arthur Thornton, one of Baird's service managers, testified that Fas Mart would not authorize Baird to plow until three inches of snow appeared on the ground. A Fas Mart store manager would contact Baird to plow, Baird would verify that they should come, and Baird would contact Hindt. Charlotte Wagner, the manager on duty at Store 253, testified that usually someone from Baird would contact her and ask if they needed snow removal or salting. Regardless of who initiated contact, no one disputes that Baird would not provide services unless the store manager authorized it. According to Wagner, DelDOT would also plow Store 253's parking lot on occasion as a courtesy to Wagner because DelDOT trucks bought gas at her store. When DelDOT salted or plowed the parking lot, she would not call Baird.
Brown fell while providing gasoline services to Store 253 on the evening of January 24, 2004. Thornton did not recall, nor did his records indicate, that he had received a request from that store to plow that day or in the previous day. Similarly, Wagner could not recall when she would have called Baird for plowing, although she stated that when Hindt did plow she would sign and stamp his work order. Coincidentally, Hindt plowed another Shore Stop location that morning, but Baird contacted him to tell him to stop because the snow had not reached the contract limit. He did not plow at Shore Stop 253 on the day of the accident. Peter Meyer, the senior vice president for facilities management at GPM Investments, also testified that he had no records indicating that the store manager called Baird or Hindt for snow removal on January 24 or 25.
(3) Brown filed a negligence action against Shore Stop, Baird, and Hindt. Hindt failed to respond to the complaint and the Superior Court entered a default judgment against him. Shore Stop eventually settled with Brown. The Superior Court judge found that Baird's duty to plow was only triggered when Shore Stop called Baird. Brown produced no evidence that Shore Stop called Baird or that Baird called Hindt to plow the Shore Stop where Brown fell. The Superior Court judge also found that Hindt did some plowing on his own initiative that day at another Shore Stop, but that "it is beyond dispute, however, that Shore Stop did not call Baird and Baird did not call Hindt." Because no juror could conclude that by contract or custom that Baird was expected to salt or plow that location that day, or that direct or circumstantial evidence supported the view that anyone from Shore Stop had called Baird between January 23 and 26, 2004, the Superior Court judge granted summary judgment for Baird.[1] Brown appealed.
(4) Brown argues that the Superior Court judge erred by granting summary judgment for Baird because Baird failed to plow on the date of Brown's accident and because of Hindt's default judgment, Baird admitted negligence through the acts of its agent. We review de novo the grant of summary judgment, both as to facts and law, to determine whether or not the undisputed facts, viewed in a light most favorable to the opposing party, entitles the moving party to judgment as a matter of law.[2]
(5) "In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[3] Liability hinges on whether the defendant was "under a legal obligationa dutyto protect the plaintiff from the risk of harm which caused his injuries."[4] We have found that, "in appropriate situations, a trial court is authorized to grant judgment as a matter of law because no duty exists."[5] Further, the question of duty "is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court."[6]
(6) Under the terms of their contract, Baird owed a duty to provide plowing services to Shore Stop upon their request. It is undisputed that on the date in question, nobody contacted, requested, or otherwise authorized Baird or its agents to provide those plowing services. Likewise, nothing in the record shows that Baird or Hindt attempted to provide plowing services to that Shore Stop. Store Stop management had to approve snow removal in order to trigger Baird's duty. Without any obligation or duty to plow the location at which Brown fell, Baird did not owe Brown any duty as a matter of law. The Superior Court judge did not err by granting summary judgment for Baird.
(7) Brown also argues that Hindt plowing a different Shore Stop without Baird's or Shore Stop's authorization somehow imputes a duty to Baird. Brown is incorrect. In Delaware, "it is the scope of the undertaking, as defined in the contract, which gives shape to the independent contractor's duty in tort."[7] No one authorized Hindt to plow that day. Although he did begin to plow on his own initiative at a different location and may or may not have been compensated for that work,[8] Baird stopped him, and he did not plow any other locations for Baird that day. Hindt's independent and unauthorized action at a different location did not expand his liability to all other potential locations regardless of whether he was paid for that single location where he did plow.
(8) Brown also raises the question of whether Baird is bound by the default judgment against Hindt. The Superior Court judge did not address this issue in his ruling. He did find, however, that Baird had not authorized Hindt to plow that day. Further, he found that Shore Stop did not call Baird to plow. Because Baird had no duty to plow under these circumstances and also had not authorized Hindt to plow, Hindt's default is not a basis to hold Baird, who did not default, liable.[9] No agency relationship existed on these facts.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The trial judge also noted that even when viewed in the light most favorable to Brown, the evidence showed "it is obvious" that DelDOT would occasionally provide snow and ice removal services. The trial judge also found that "even if Baird sometimes called, the jury could not find that by custom, Baird assumed a duty to call Shore Stop." Further, "there is insufficient evidence from which a jury could find that Baird had acted in a way that would have made it reasonable for Shore Stop to have expected Baird to plow and salt the lot before Shore Stop called Baird on January 26, 2004, which was after the accident."
[2] Rhudy v. Bottlecaps Inc., 830 A.2d 402, 405 (Del. 2003); see also Williams v. Geier, 671 A.2d 1368, 1375 (Del. 1996); Hines v. New Castle County, 640 A.2d 1026, 1028 (Del. 1994); Gilbert v. El Paso Co., 575 A.2d 1131, 1141 (Del. 1990).
[3] Duphily v. Del. Elec. Co-op., Inc., 662 A.2d 821, 828 (Del. 1995).
[4] Fritz v. Yeager, 790 A.2d 469, 471 (Del. 2002).
[5] Id.
[6] Id. (citations omitted).
[7] Thompson v. F.B. Cross & Sons, Inc., 798 A.2d 1036, 1040 (Del. 2002) (quoting LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1073 (3d Cir. 1996)).
[8] Although this may have been disputed, it is not a material issue of fact. See Brzoska v. Olson, 668 A.2d 1355, 1364 (Del. 1995) ("Although factual disputes are usually `not resolvable through summary judgment,' immaterial factual disputes will not preclude summary judgment.") (quoting State Farm Mut. Auto. Co. v. Mundorf, 659 A.2d 215, 217 (Del. 1995)).
[9] See Smokey, Inc. v. Pany Inv. Co., 276 A.2d 741, 743 (Del. 1971) ("Of course a default by a non-appearing party or an entry of judgment against one party does not, in the ordinary course of things, bind others who have appeared or who have not defaulted.").