# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DINAH JONES and WILLIAM POTTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N14C-12-159 PRW |
| CLYDE SPINELLI, LLC, dba PINE VALLEY APARTMENTS, | ) ) ) ) | |
| Defendant. | ) | |

Submitted: July 8, 2016
Decided: July 8, 2016

## ORDER

*Upon Defendant Clyde Spinelli, LLC, dba Pine Valley Apartments'*
*Motion to Dismiss upon Summary Judgment,*
**GRANTED.**

This 8th day of July, 2016, having considered Defendant Clyde Spinelli, LLC, *dba* Pine Valley Apartments' ("Pine Valley") Motion to Dismiss (for Summary Judgment) (D.I. 22); the Plaintiffs' response thereto (D.I. 24); the parties' arguments at the hearing of this motion on this date; and the record in this matter, it appears to the Court that:

(1) Plaintiffs Ms. Dinah Jones and Mr. William Potter, her husband, filed a Complaint on December 17, 2014 (D.I. 1), alleging negligence and loss of consortium against Pine Valley for failing to offer seating to Ms. Jones and Ms.

Dorothy Oberly and for negligent placement of a space heater in Pine Valley's office.[1]

(2)     On February 6, 2013, Ms. Jones, Mr. Potter, Mr. John Yonker, and Ms. Oberly, went to pay an overdue rent bill at Pine Valley's business office.[2] They entered through a reception area, then into an inner office where they met with the apartment complex's administrative assistant, Ms. Audra Greenlee.[3]

(3)     After a twenty-minute discussion, Mr. Potter and Mr. Yonker left the office to get a money order for the overdue rent.[4]  Ms. Jones and Ms. Oberly remained in the inner office.[5]  Ms. Greenlee did not offer the women a seat while they waited.[6]  Instead they remained standing in the office until Mr. Potter returned, approximately twenty-minutes later.[7]

---

[1]     Compl. ¶ 19.

[2]     *Id.* at ¶ 4. Plf.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 1-2. Mr. Yonker is Mr. Potter's brother.  Ms. Oberly is Mr. Potter's mother.  In February 2013, Ms. Oberly was seventy-seven years old.

[3]     Plf.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2.

[4]     *Id.* at 2.

[5]     *Id.*

[6]     *Id.*

[7]     *Id.*

(4) A small ("foot and a half") space heater was located on the floor in the middle of the office.[8] Sometime after Mr. Potter's return, Ms. Oberly allegedly hit her foot on the space heater and tripped.[9] Ms. Jones reached out to stop her from falling, but ended up on the ground herself with Ms. Oberly on top of her.[10]

(5) Ms. Jones was bleeding from her head and immediately complained of right elbow pain.[11] Mr. Potter took her to Union Hospital where doctors determined she suffered a fractured right elbow, which required surgery, and other injuries.[12]

(6) Pine Valley now moves for summary judgment on the grounds that the Plaintiffs have failed to prove that Pine Valley breached any duty of care to Ms. Jones. Specifically, Pine Valley argues it is not liable for Ms. Jones's injuries because the "dangerous condition" – the space heater that Ms. Oberly fell into or on – was open and obvious.[13]

(7) Delaware Superior Court Civil Rule 56 permits granting summary judgment upon a showing "that there is no genuine issue as to any material fact and

---

[8] *Id.*, Compl. ¶ 8; Def.'s Mot. to Dismiss Ex. E, Photo.

[9] Plf.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2.

[10] *Id.*

[11] *Id.*

[12] Compl. ¶ 17.

[13] Mot. to Dismiss 4-6.

-3-

that the moving party is entitled to judgment as a matter of law."[14] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[15] The moving party bears the burden of establishing the non-existence of any material issue of fact, and upon such a showing the non-moving party must establish a genuine issue of material fact exists.[16]

(8) Negligence claims are particularly resistant to resolution through summary judgment.[17] Unresolved issues of fact as to the defendant's negligence, proximate cause, and the parties' respective degrees of negligence usually present questions of fact for the jury.[18] In rare cases, however, summary judgment is appropriate.[19]

---

[14] Super. Ct. Civ. R. 56(c); *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962) (Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances.").

[15] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986).

[16] *See, e.g., Shonts v. McDowell*, 2003 WL 22853659, at *1 (Del. Super. Ct. Aug. 5, 2003) (discussing standard for summary judgment).

[17] *Ebersole*, 54 Del. at 468.

[18] *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998).

[19] *See, e.g., Trievel*, 714 A.2d at 745 ("where the evidence requires a finding that a plaintiff's negligence exceeded that of the defendant, it is the duty of the trial court, as a matter of law, to bar recovery"); *Polaski v. Dover Downs, Inc.*, 2012 WL 1413577, at *2-3 (Del. Super. Ct. Jan. 20, 2012), *aff'd*, 49 A.3d 1193 (Del. 2012) (granting summary judgment where danger presented to the plaintiff was obvious as a matter of law).

(9)  "In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff['s] injury."[20] As a business owner, Pine Valley owed all business invitees, including Ms. Jones,[21] a duty "to protect them against both dangers [known] to exist and those which with reasonable care [might be discovered]."[22] For Ms. Jones, that specific duty here would be to protect her not from a fall herself, but from the need to rescue Ms. Oberly from a fall over the space heater.

(10)  Assuming for the purposes of this motion only that the space heater was a "danger," *i.e.* a potential tripping hazard, Pine Valley is correct in stating that there is no duty to warn of or protect invitees from an open and obvious

---

[20]  *Polaski*, 2012 WL 1413577, at *2 (quoting *Brown v. F.W. Baird, L.L.C.*, 2008 WL 324661, at *2 (Del. Super. Ct. Feb. 7, 2008)).

[21]  A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." REST. (SECOND) OF TORTS § 332 (3) (1965). The parties do not appear to dispute that Ms. Jones, Ms. Oberly and Mr. Potter were business invitees.

[22]  *Kanoy v. Crothall Am., Inc.*, 1988 WL 15367, at *2 (Del. Super. Ct. Feb. 8, 1988); *Manucci v. Stop n' Shop Cos., Inc.*, 1989 WL 48587 at *2 (Del. Super. Ct. May 4, 1989). *See also* REST. (SECOND) OF TORTS § 343 (1965) (stating that a landowner is liable for physical harm only if he "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."); *Yancy v. Tri State Mall Ltd. P'ship*, 2014 WL 2538805, at *2-3 (Del. Super. Ct. May 29, 2014) (following the Restatement (Second)).

danger.[23] An "open and obvious danger" has been described as one that "create[s] a risk of harm that is visible, . . . is a well known danger, or what is discernible by causal inspection . . . to those of ordinary intelligence."[24] It is "a danger [that] is so apparent that the invitee can reasonably be expected to notice it and protect against it, [because] the condition itself constitutes adequate warning."[25] Generally, whether a dangerous condition exists and whether the danger was apparent to the plaintiff are questions for the jury.[26] But in "very clear cases" this is not so.[27]

(11) This is such a clear case. It is undisputed that the office space heater was open and obvious. In Ms. Jones's deposition, she admitted that the women saw the space heater on the office's floor.[28] Specifically, Ms. Jones describes the

---

[23] *Niblett v. Pennsylvania R. Co.*, 158 A.2d 580, 582 (Del. Super. Ct. 1960) ("there is no duty upon the owner to warn an invitee of a dangerous condition which is obvious to a person of ordinary care and prudence.").

[24] *Macey v. AAA-1 Pool Builders & Serv. Co.*, 1993 WL 189481, at *3 (Del. Super. Ct. Apr. 30, 1993) (quoting AmLawProdLiab 3d § 33:26 at 56). *See also Polaski*, 2012 WL 1413577, at *2 (noting duty-to-warn principle articulated in *Macey*, a product liability rather than a condition on the land case, helpful in the latter).

[25] *Niblett*, 158 A.2d at 582-83 (finding that as a matter of law "there was no duty . . . to either warn deceased of, or protect him from, the danger inherent in his act of crossing the [train] tracks.").

[26] *Williamson v. Wilmington Hous. Auth.*, 208 A.2d 304, 305-06 (Del. 1965).

[27] *Id.*

[28] Def.'s Mot. to Dismiss Ex. F, Jones Dep. 29-32.

location of the space heater as in "the center of the room"[29] with approximately two feet of clearance around it.[30] The space heater was being used in and was placed in the ordinary manner one would expect of that common appliance. Ms. Jones admits that the women noticed the space heater when Mr. Potter was told to get a money order; that occurred, by her own account, approximately twenty minutes before Ms. Oberly fell.[31] The space heater wasn't even partially hidden or difficult to see.[32] Both women knew of its existence and location. In fact, both Ms. Jones and Ms. Oberly successfully maneuvered around the space heater while they waited for Mr. Potter's return, demonstrating that they knew about the space heater and appreciated its "danger."[33] A space heater in the middle of a floor should be obvious to a person of ordinary care and prudence. After clearly noticing it, Ms. Oberly could be expected to protect herself against space heater; and no one would reasonably expect to have to protect Ms. Jones from having to

---

[29]     *Id.* at 30.

[30]     *Id.* at 31.

[31]     *Id.* at 32.

[32]     *Horton v. Lempesis*, 1990 WL 990093, at *1 (Del. Com. Pl. Oct. 22, 1990), *aff'd sub nom. Horton v. Lempesis*, 1992 WL 19986 (Del. Super. Ct. Jan. 28, 1992) (granting summary judgment for negligence claim where "[n]o reasonable inference can be drawn from the record that any latent or concealed danger existed").

[33]     Def.'s Mot. to Dismiss Ex. F, Jones Dep. 33 ("**Q.** [T]o get from close to Audra [Greenlee]'s desk to closer to the other desk you would have had to walk around the space heater? **A.** We walked past it or behind it.").

rescue Ms. Oberly from the result of her potential contact with the peril it represented.[34]

(12) In short, Pine Valley had no duty to warn or protect Ms. Jones, as a potential rescuer, (or Ms. Oberly, the actual tripper) from the space heater because it posed an open and obvious danger. Even under the facts interpreted in the best light for Ms. Jones, Pine Valley is due judgment as a matter of law and its motion for summary judgment should be granted.

(13) Lastly, the Plaintiffs complain also of Ms. Greenlee's alleged negligent behavior while the ladies waited. No doubt, taking the evidence in the light most favorable to Ms. Jones, she and her mother-in-law were offered no seat

---

[34] *Polaski v. Dover Downs, Inc.*, 2012 WL 1413577, at *2-3 (Del. Super. Ct. Jan. 20, 2012), *aff'd*, 49 A.3d 1193 (Del. 2012) (granting summary judgment because "[a] change in elevation on this well-lit, defect-free sidewalk leading down to a handicapped ramp is not a dangerous condition" and the "change in elevation should be obvious to a person of ordinary care and prudence"); *Talmo v. Union Park Auto.*, 38 A.3d 1255 (Del. 2012) (affirming summary judgment for store where no reasonable jury could find store negligent for plaintiff's collision with a stationary plate glass, floor-to-ceiling window).

Admittedly, Delaware cases involving the "open and obvious" doctrine are limited and mostly involve curbs, sidewalks, snow, ice, or other "slippery" liquids – distinguishable from the case here involving an appliance on the ground. But other jurisdictions have granted summary judgment under similar conditions. *See, e.g., Colyer v. Speedway, LLC*, 981 F. Supp. 2d 634, 636 (E.D. Ky. 2013) (granting summary judgment because a box – sitting on the floor of a gas station that plaintiff admitted to have seen prior to her fall and attempted to walk around – was an open-and-obvious condition); *Meader v. Paetz Grocery Co.*, 147 N.W.2d 211, 217 (Iowa 1966) (holding that grocery box placed on the ground with ample room for customers to move around was an open and obvious danger); *Espinoza v. Hemar Supermarket, Inc.*, 841 N.Y.S.2d 680 (N.Y. App. Div. 2007) (milk crate in grocery store was open and obvious danger); *Conrad v. Sears, Roebuck & Co.*, 2005 WL 758199, at *4 (Ohio Ct. App. Apr. 5, 2005) (display box was an open and obvious danger because plaintiff stood next to display for over four minutes, the plaintiff had an unobstructed view of the display, there was ample space between the plaintiff and the display, and there were no distractions).

for the over forty minutes they were in Ms. Greenlee's office. This was rude, not negligent, behavior. And this Court may only enforce in a civil negligence action the rule to be followed by those exercising ordinary care, not the rule of etiquette followed by those exercising common decency. Thus, this churlish behavior, while regrettable, is not actionable. The space heater, the alleged "dangerous condition," was "open and obvious."[35] It was even more so as Ms. Oberly and Ms. Jones stood by it for the span they did. That Ms. Greenlee allowed them to stand that long does not convert bad manners to actionable negligence.

(14) Because, for the reasons set forth herein and on the record of the hearing of this motion, the Court finds that no material issue of fact exists and that Defendant Pine Valley is entitled to judgment as a matter of law, Pine Valley's Motion to Dismiss upon Summary Judgment all claims brought by Ms. Jones and Mr. Potter is **GRANTED**.

**IT IS SO ORDERED.**

**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc: All counsel via File & Serve

---

[35] *Niblett v. Pennsylvania R. Co.*, 158 A.2d 580, 582 (Del. Super. Ct. 1960).