SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

Kelly E. Rowe, Esquire
Reilly, McDevitt, Henrich & Cholden
1013 Centre Road, Suite 210
Wilmington, Delaware 19805

David A. Boswell, Esquire
Hudson, Jones, Jaywork & Fisher, LLC
18354 Coastal Highway
Lewes, Delaware 19958

Kenneth M. Doss, Esquire
Casarino, Christman, Shalk, Ransom &
    Doss, P.A.
1007 N. Orange Street
Nemours Building, Suite 1100
P.O. Box 1276
Wilmington, Delaware 19899

**Re:** ***Cannon v. Bolden, et al.,***
    C.A. No. S15C-02-021

On The Enterprise Defendants' Motion for Summary Judgment: GRANTED

Date Submitted:     March 1, 2018
Date Decided:     March 27, 2018

Dear Counsel,

In the case at bar, the Motion to Dismiss filed by the Enterprise Defendants, as defined below, is now ripe for decision. The record has been supplemented since the Motion to Dismiss was filed and, therefore, the Court will entertain the Motion to Dismiss as a Motion for Summary Judgment. For the reasons set forth herein, the Enterprise Defendants' Motion for Summary Judgment is granted.

## Factual Background

This action arises out of a motor vehicle collision that took place at the intersection of Brickyard Road and Sussex Highway on February 21, 2013, in Sussex County, Delaware. Thorrhonda E. Cannon (hereinafter, "Plaintiff") was operating her 1998 Chevrolet Cavalier and traveling eastbound on Brickyard Road. Plaintiff alleges she came to a full stop on Brickyard Road at its intersection with Sussex Highway. When Plaintiff proceeded into the intersection, she was struck by a 2012 Ford Focus (hereinafter, "the Ford") traveling northbound on Sussex Highway and operated by Melva N. Bolden (hereinafter, "Bolden"). Plaintiff suffered injuries as a result of this accident.

The Ford was a rental car owned by EAN Holdings, LLC, Enterprise Leasing Company of Philadelphia, LLC, and Enterprise Holdings, LLC, collectively ("the Enterprise Defendants").[1] On February 21, 2013, Defendant Neal agreed to arrange and pay for Bolden's rental car while he serviced her personal vehicle. They agreed to meet at the rental car company's location. Sometime near close-of-business at 6 p.m. on that date, Defendant Neal went to Enterprise Rent-A-Car's Seaford location ("Enterprise") and filled out the rental agreement form on Bolden's behalf. Bolden arrived as the paperwork was being completed and provided her driver's license to an Enterprise employee. Bolden was listed as an additional driver on the rental agreement and drove the vehicle off the lot.

Plaintiff alleges she was unable to see Bolden's vehicle at the time of the collision

---

[1] The Enterprise Defendants have represented to the Court that the entity identified as "Enterprise Holdings, LLC" does not exist.

because Bolden was operating the Ford in the dark without headlights. Bolden testified under oath at her deposition that the car's headlights came on when she turned on the vehicle. Defendant Neal submitted an affidavit wherein he avers that the car's headlights were on when he observed Bolden driving out of Enterprise's parking lot.

Following the accident, Plaintiff filed suit against Bolden, the Enterprise Defendants, and Defendant Neal. Bolden filed cross-claims against all co-defenants for contribution/indemnification. The Court recently granted summary judgment in favor of Defendant Neal.

## Discussion

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[2] Once the moving party has met its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[3] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[4] If, after discovery, the non-moving party cannot make a sufficient showing of the

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[3] *Id.* at 681.

[4] Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

existence of an essential element of his or her case, summary judgment must be granted.[5] If, however, material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[6]

"In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[7] Liability depends upon whether the defendant was "under a legal obligation - a duty - to protect the plaintiff from the risk of harm which caused his injuries."[8] "[I]n appropriate situations, a trial court is authorized to grant judgment as a matter of law because no duty exists."[9] Whether a duty exists is a question of law to be determined by the trial court.[10]

Plaintiff's complaint alleges the Enterprise Defendants had a duty to instruct Bolden on how to use the Ford's headlight system and that they negligently entrusted the Ford to Bolden when they failed to so instruct Bolden. Further, Plaintiff claims the

---

[5] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991); *Celotex Corp., supra.*

[6] *Ebersole v. Lowengrub*, 180 A.2d 467, 471 (Del. 1962).

[7] *Duphily v. Delaware Elec. Co-op., Inc.*, 662 A.2d 821, 828 (Del. 1995) (citation omitted).

[8] *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002) (citation omitted).

[9] *Id.*

[10] *Id.*

4

Enterprise Defendants had a duty to inspect and their failure to exercise that duty resulted in the Enterprise Defendants providing to Bolden a vehicle that was unsafe for use on public roads.

At the request of the Court in regard to a discovery issue, the Enterprise Defendants supplemented the record with an affidavit averring that (1) no other lawsuits filed against the Enterprise Defendants in Delaware have alleged a vehicular defect, including a headlight defect, or a failure to show the operator how to use the vehicle; and (2) aside from the rental agreement itself, there are no other documents associated with the rental of the Ford.

Absent any information to support Plaintiff's theory that the Ford had a daylight running headlight system that automatically turned off when the ambient light situation changed or that Bolden failed to understand how to use that system, or any information to support Plaintiff's theory that the Ford's headlight system was not working properly, the Court indicated it was inclined to grant summary judgment in favor of the Enterprise Defendants. Nevertheless, the Court gave Plaintiff the opportunity to argue its case. Plaintiff declined to do so.

However, Bolden, who has cross-claims against the Enterprise Defendants, now argues the affidavit is conclusory and does not answer or respond to the Court's inquiry. Accordingly, Bolden contends the matter is not ripe for summary judgment because there is still an issue of material fact as to whether the Ford "had a defect in its lighting

5

system." Further, Bolden posits additional discovery would shed light on the question of whether the Enterprise Defendants had a duty to instruct Bolden on how to use the Ford's automatic lighting system.

The Court declines to find that the Enterprise Defendants had a duty to instruct Bolden on how to use the Ford's headlight system. Neither Plaintiff nor Bolden cite any legal authority for the creation of such a duty. Moreover, taking Plaintiff's and Bolden's contention to its logical conclusion, anyone in the business of leasing motor vehicles and providing motor vehicles to the public for immediate use would be responsible for instructing any lessee on how to use not just the automobile's headlight system but any of the countless systems that run on a vehicle in this modern age. To so rule would simply be impractical in light of the size of the rental car business. Moreover, the Court notes Bolden was a licensed driver, a fact that creates a presumption that she was fully capable of operating a standard rental car such as a Ford Focus.

Nevertheless, in this case it is unnecessary to decide whether the Enterprise Defendants had a legal duty to instruct Bolden about the possibility that the Ford was equipped with daytime running lights that would automatically turn off when the ambient light situation changed after Bolden left the Enterprise parking lot because their failure to do so was not the proximate cause of Plaintiff's injuries. When deposed, Bolden testified under oath that the Ford's headlights illuminated when she turned the vehicle on and that she did not adjust the headlight setting at any point prior to the accident. Further, Bolden

6

testified that, even if she had been instructed about the Ford's headlight system, any such instruction would have fallen on deaf ears: she would not have turned on the headlights because "the conditions outside were still light enough to where if they weren't on, that I wouldn't have turned them on."[11]

The theory that the Enterprise Defendants negligently entrusted the Ford to Bolden must also fail. The elements of negligent entrustment are: (1) entrustment of the automobile, (2) to a reckless or incompetent driver whom (3) the person entrusting the vehicle has reason to know is reckless or incompetent and (4) the entrustment leads to damages.[12] "The owner's liability is based on his own negligence in entrusting the vehicle to one unfit to operate it."[13] Even assuming the Enterprise Defendants had a duty to instruct Bolden on how to use the Ford's headlight system, there is no evidence in the record to support a finding that the Enterprise Defendants, or their agents, had reason to know Bolden was "reckless or incompetent." Again, the Court notes Bolden possessed a valid driver's license at the time of the rental.

Finally, the Court concludes the record is devoid of any evidence that the Ford contained a defect in its headlight system. Bolden testified that the headlights illuminated when she turned the car on in the Enterprise parking lot. Defendant Neal averred he saw

---

[11] Bolden Deposition, dated September 27, 2017, at p. 52.

[12] *Perez-Melchor v. Balakhani*, 2005 WL 2338665, at *2 (Del. Super. Sept. 21, 2005) (citations omitted).

[13] *Fisher v. Novak*, 1990 WL 82153, at *2 (Del. Super. June 6, 1990).

7

the Ford's lights come on. The Ford was not inspected following the accident and is no longer in the possession of the Enterprise Defendants. In the unfortunate event there was some sort of defect in the Ford's lighting system, there is simply no evidence of it and no way, to this Judge's knowledge, to obtain any evidence of such an alleged defect. A jury would not be permitted to speculate as to the possibility there might have been a defect.

Plaintiff is simply unable to sustain a claim for negligence against the Enterprise Defendants. Therefore, Bolden's cross-claims against the Enterprise Defendants must fail, as well.

### Conclusion

For the reasons set forth above, the Enterprise Defendant's Motion for Summary Judgment is GRANTED as to all claims against them in this matter.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

oc:     Prothonotary

cc:     All Counsel of Record

8