# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THOMAS J. VERBITSKI and )
MAUREEN T. VERBITSKI, his wife, )
)
Plaintiffs, )
)
v. ) C.A. No. N18C-08-045 ALR
)
DIAMOND STATE PORT )
CORPORATION, )
)
Defendant/ )
Third-Party Plaintiff, )
)
v. )
)
PACIFIC TRELLIS FRUIT, INC., )
)
Third-Party Defendant. )

Submitted: February 11, 2019
Decided: April 4, 2019

***Upon Third-Party Defendant's Motion to Dismiss***
**GRANTED**

## MEMORANDUM OPINION

Joseph J. Rhoades, Esquire, Rhoades & Morrow, Attorneys at Law, Wilmington, Delaware, Attorney for Plaintiffs.

David Primack, Esquire, McElroy Deutsch Mulvaney & Carpenter LLP, Wilmington, Delaware, Attorney for Defendant.

Marc Sposato, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware, Attorneys for Third-Party Defendant.

**Rocanelli, J.**

This case involves an employee's claims of personal injury arising out of a workplace accident which require the Court to address whether an employer can be required to indemnify the employer's landlord for the landlord's own negligence. The employer has filed a motion to dismiss the third-party complaint brought by the employer's landlord, asserting that the action is precluded by the workers' compensation exclusivity doctrine. This is the Court's decision on the employer's motion to dismiss the third-party complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas Verbitski ("Employee") was injured at work and received workers' compensation benefits from his employer Pacific Trellis Fruit, Inc. ("Employer"). Employee's workplace injury took place in the parking lot at the property leased by Employer.[1] Employee and his spouse filed a lawsuit against the owner of the property, Diamond State Port Corporation ("Landlord"), alleging that Employee's injury was the result of negligence by Landlord because Employee fell when his foot caught on an uncovered open pipe in the parking lot.

Landlord filed a third-party complaint for indemnity against Employer as tenant on the grounds that Employer's lease ("Lease") requires Employer to indemnify and defend Landlord. Employer requests dismissal of the third-party

---

[1] For the purposes of the pending motion, there is no dispute that Employee was injured in the parking lot at his workplace.

1

claim by Landlord on the grounds that workers' compensation benefits were provided to Employee and therefore any claims against Employer are barred by the exclusivity doctrine ("Workers' Compensation Exclusivity Doctrine"). Landlord responds that its claims are not barred because the Lease provides an express provision for indemnity and the Lease imposes on Employer, not Landlord, an obligation to maintain the parking lot. According to Landlord, Employer's contractual agreement to indemnify is an exception to the Workers' Compensation Exclusivity Doctrine.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Superior Court Rule of Civil Procedure 12(b)(6), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[2] Factual allegations, even if vague, are well pleaded if they provide notice of the claim to the other party.[3] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[4]

---

[2] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[3] *Spence*, 396 A.2d at 968.
[4] *Id.*

2

**DISCUSSION**

It is well established that an employer who provides worker's compensation to its employees cannot be sued for negligence.[5] The Workers' Compensation Exclusivity Doctrine provides that workers' compensation constitutes the sole remedy for personal injury "by accident arising out of and in the course of employment."[6]

Delaware has recognized an exception to the Workers' Compensation Exclusivity Doctrine when an employer has contracted to indemnify another.[7] In other words, an employer may expressly agree to indemnify another even when the employer cannot be sued directly by its employee. In *Bar Steel Const. Corp. v. Read*, an employee of a general contractor was killed and the employee's widow was paid workers' compensation benefits.[8] The widow and the workers' compensation insurance company sued the subcontractor who was responsible for erecting the steel structure upon which the employee was killed, arguing that the subcontractor was negligent.[9] The Delaware Supreme Court held that the indemnification agreement between the negligent subcontractor and the employer required the subcontractor to

---

[5] *Kofron v. Amoco Chemicals Corp.*, 441 A.2d 226, 231 (Del. 1982).
[6] 19 *Del. C.* § 2304.
[7] *Bar Steel Const. Corp. v. Read*, 227 A.2d 678, 680 (Del. 1971).
[8] *Id.* at 679.
[9] *Id.*

3

indemnify for the workers' compensation benefits paid.[10] The Court emphasized that contract law, and not workers' compensation law, directed the result, and because the widow still recovered the benefits to which she was entitled, the indemnification provision was not contrary to public policy.[11]

In *Precision Air, Inc. v. Standard Chlorine of Del.*, the Delaware Supreme Court again focused on an employer's contractual agreement to indemnify to defeat the protections that would otherwise be available under the Workers' Compensation Exclusivity Doctrine.[12] The Court clarified that public policy is not violated by such indemnity agreements as long as the indemnity is based on the employer's own negligence.[13] The Court held "[a]n employer cannot be held liable for indemnification, however, where there is no allegation that the employer acted improperly, for in such a scenario an indemnification obligation predicated on such improper conduct never becomes applicable."[14]

Therefore, in the case before the Court, Employer may be required to indemnify Landlord per the Lease, but only if Employer is responsible for

---

[10] *Id.*

[11] *Id.*

[12] 654 A.2d 403, 407-08 (Del. 1995) ("[T]he purposes of [the Workers' Compensation Exclusivity Doctrine]…include eliminating the employer's risk of being held liable for a tort-based judgment after having paid compensation benefits.").

[13] *Id.* at 407.

[14] *Id.* at 408 (citations omitted).

maintaining the parking lot where Employee's injury took place. On the other hand, if the Lease provides that it is Landlord's responsibility to maintain the parking lot, then public policy underlying the Workers' Compensation Exclusivity Doctrine prevents Landlord from requiring indemnity from Employer for Landlord's own negligence. An employer who provides workers' compensation benefits *and* is not negligent cannot be required to indemnify a negligent party even when the employer has expressly agreed to indemnify.[15] Rather, only when the employer itself is negligent will contractual indemnity defeat the Workers' Compensation Exclusivity Doctrine.[16]

This Court looks to the Lease to determine whether maintenance of the parking lot was the responsibility of the Landlord or the Employer. Section 8 of the Lease addresses "Maintenance, Repair and Alteration" and sets forth the respective obligations of Employer and Landlord. Section 8.1(a) specifies Employer's obligations in relevant part, as follows:

> [E]xcept for that portion of the Premises to be maintained by Landlord as provided in Section 8.2, Tenant shall, at Tenant's expense, maintain in good repair, order and serviceable condition the Premises and every part thereof *excluding* plumbing, ventilation, heating, air conditioning and electrical systems, exterior doors, and all walkways, driveways, *parking lots*, landscaping, fences and signs which are on or adjacent to the Premises.[17]

---

[15] *Id.* at 407.
[16] *Id.* at 408.
[17] Pl. Ex. C at 5 (emphasis added).

5

Accordingly, maintenance of the parking lot is not the responsibility of the Employer.[18]

If Employer has no duty to maintain the parking lot, then any dangerous condition existing in the parking lot cannot be attributed to Employer's negligence.[19] Therefore, even though Employer contracted to indemnify Landlord, public policy demands that said indemnity provision is not applicable to claims made by Employee against Landlord and which are not attributed to Employer's negligence. Having provided worker's compensation benefits to Employee, Employer is entitled to the protections of the Workers' Compensation Exclusivity Doctrine. Landlord has failed to state a claim upon which relief can be granted as Employer is not obligated to indemnify Landlord for Landlord's negligence. Therefore, the third-party complaint by Landlord against Employer must be dismissed.

---

[18] Employer is one of several tenants in the building leased by Landlord. Exhibit A to the Lease is a schematic diagram of the leased premises and depicts that Employer is one of the two tenants with the smallest square footage on the premises.

[19] *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002) ("In order to be held liable in negligence, a defendant must have been under a legal obligation—a duty—to protect the plaintiff from the risk of harm which caused his injuries.").

**NOW, THEREFORE**, the Motion to Dismiss by Third-Party Defendant, Pacific Trellis Fruit, Inc. is hereby **GRANTED**. The Third-Party Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**