# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE LEWIS,     )
   Plaintiff,    )
         )
  v.       )
         )
BAY COUNTRY LANDSCAPE &  )
MAINTENANCE INC.,   )
   Defendant,   )
         )  C.A. No. N18C-08-232 ALR
         )
   and     )
         )
LANG DEVELOPMENT GROUP, )
BECKS WOODS ASSOCIATES, )
LLC,        )
   Defendants/Third-Party )
   Plaintiffs,    )
         )
  v.       )
         )
UNITED MEDICAL, LLC,   )
   Third-Party Defendant. )

Submitted: February 23, 2021
Decided: April 19, 2021

***Upon Third-Party Defendant's Motion for Summary Judgment***
**DENIED**

# ORDER

Upon consideration of Third-Party Defendant United Medical, LLC's, motion for summary judgment and the responses in opposition thereto;[1] the Superior Court Rules of Civil Procedure; the Delaware Rules of Evidence; the facts, arguments, and legal authorities set forth by the parties; decisional law; and the entire record in this case, the Court hereby rules as follows:

1. Plaintiff Nicole Lewis ("Plaintiff") filed this action alleging that she was injured when she slipped on black ice and fell on the sidewalk while on her way to a medical appointment at United Medical Clinic, located at a multi-building commercial property.

2. Plaintiff sued Bay Country Landscape & Maintenance Inc., Lang Development Group, and Becks Woods Associates, LLC, alleging negligence. For the purposes of this motion, the Court accepts that Becks Woods is the owner of the commercial property, Lang is Becks Woods's property manager and Bay Country is the company hired by the owner and/or property manager for snow removal.

3. A third-party complaint was filed by Lang and Becks Woods against United Medical, LLC alleging breach of contract on the grounds that United Medical was required to name Lang and Becks Woods as additional insureds and to hold

---

[1] Defendant Bay Country Landscape & Maintenance, Inc., and Defendants/Third-Party Plaintiffs Lang Development Group, and Beck Woods Associates, LLC, National Association opposed United Medical's Motion for Summary Judgment. Plaintiff Nicole Lewis did not take a position.

those entities harmless; alleging contractual indemnification; and for common law contribution.

4. United Medical seeks judgment as a matter of law, contending that United Medical is not liable because Plaintiff slipped on a sidewalk which is a common area for which United Medical is not responsible; on the grounds that the contractual indemnification provisions do not apply because there are no allegations by Plaintiff that United Medical was negligent; and because United Medical is not liable under the common law as a commercial tenant without actual control of the premises where Plaintiff claims she fell.

5. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[3] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[4] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[5]

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[4] *Id.*
[5] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

6.     Summary judgment is only appropriate if the third-party claims against United Medical lack evidentiary support such that no reasonable jury could find in its favor.[6] Generally, whether a legal duty is owed is a threshold question of law.[7] However, if the Court finds that the record is insufficient to make a legal determination, judgment as a matter of law is inappropriate.[8]

7.     With respect to the third-party claims for breach of contract and contractual indemnification, United Medical is not entitled to summary judgment because there are genuine issues of material fact in dispute. The scope of a commercial tenant's duty to maintain its premises in a safe condition has been the subject of a number of Superior Court decisions.[9] In interpreting a lease agreement,

---

[6] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012) (TABLE).

[7] *Helm v. 206 Mass. Ave., LLC*, 107 A.3d 1074, 1079 (Del. 2014) (citing *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002)).

[8] *See Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 118 (Del. Super. 2014) ("Finally, the Court should not grant summary judgment where, 'upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.'") (quoting *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962)).

[9] *See e.g.*, *Woody v. Minquadale Liquors*, 2017 WL 2813929, at *2 (Del. Super. June 29, 2017); *Hudson v. Boscov's Dep't Store, LLC*, 2016 WL 3876379, at *1 (Del. Super. June 22, 2016); *Boulden v. Centercap Assocs., LLC*, 2014 WL 3047947, at *2 (Del. Super. June 12, 2014); *Keating v. Best Buy Stores, L.P.*, 2013 WL 8169756, at *3 (Del. Super. Mar. 28, 2013); *Spence v. Layaou Landscaping, Inc.*, 2013 WL 6114873, at *6–7 (Del. Super. Oct. 31, 2013); *Russell v. S & S Mgmt., Inc.*, 1994 WL 149239, at *2–4 (Del. Super. Mar. 2, 1994).

4

clear and unambiguous terms are provided their ordinary and usual meaning.[10] Terms are clear and unambiguous when a reasonable person would have no expectations inconsistent with the language of the agreement.[11]  In contrast, terms are ambiguous "[w]hen the provisions in controversy are fairly susceptible of different interpretations or may have two or more different meanings."[12]  If the Court determines that "reasonable minds could differ as to the contract's meaning," an issue of fact arises and judgment as a matter of law is inappropriate.[13]  In this case, both Lang/Becks Woods and United Medical have identified provisions in the Lease Agreement for the Court's consideration.  The Court finds that the Lease Agreement is ambiguous regarding the respective parties' duties for the sidewalk at issue. Because there are genuine issues of material fact in dispute, summary judgment in favor of United Medical on the contract claims is inappropriate.

8.     In addition, United Medical is not entitled to summary judgment on the third-party claim for common law contribution because there are genuine issues of material fact in dispute.  United Medical contends that it was not responsible for

---

[10] *La Grange Communities, LLC v. Cornell Glasgow*, *LLC*, 2013 WL 4816813, at *3 (Del. Sept. 9, 2013) (TABLE); *GMG Cap. Invs., LLC v. Athenian Venture Partners I*, *L.P.*, 36 A.3d 776, 780 (Del. 2012).

[11] *Salamone v. Gorman*, 106 A.3d 354, 368 (Del. 2014); *Eagle Indus. Inc. v. DeVilbiss Health Care*, 702 A.2d 1228, 1232 (Del. 1997).

[12] *Salamone*, 106 A.3d at 369 (quoting *GMG Cap. Invs.*, 36 A.3d at 780).

[13] *GMG Cap. Invs.*, 36 A.3d at 783 (citing *Eagle Indus.*, 702 A.2d at 1232).

maintaining the sidewalk area at issue. However, evidence of subsequent remedial measures by United Medical have been presented to the Court[14] which raises questions of fact as to whether United Medical had "control" of the area where Plaintiff allegedly fell. Under Delaware Rule of Evidence 407 ("Rule 407"), "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."[15] However, evidence of subsequent remedial measures may be admissible under Rule 407 if offered to prove "ownership, control, or the feasibility of precautionary measures" if controverted.[16] Whether United Medical

---

[14] Lewis Dep. 40:3–23. Specifically, Plaintiff testified by deposition on September 24, 2020:

> Q. Did I understand your prior testimony to be that Dr. Smith told you she was aware of the ice conditions outside that morning on the sidewalk?
> A. Yes.
> Q. Can you tell me what she told or how that conversation went, please?
> A. Basically she knew about it, and she was going around like neighbors, like I guess neighboring offices I think is what she meant, and getting kitty litter, I guess, to put down to use as salt.
> Q. When you left your doctor's appointment, did you notice any kitty litter on the sidewalk when you were leaving?
> A. I don't remember.

*Id.*

[15] D.R.E. 407.

[16] *Id.*

6

had control over the sidewalk area at issue is a genuine issue of material fact in dispute. Moreover, "under Delaware's comparative negligence statute the determination of the respective degrees of negligence attributable to the parties *almost always presents a question of fact for the jury*."[17] This case does not present the rare exception of a negligence case that is susceptible to summary adjudication.[18] Rather, if a rational trier of fact could find material facts that favor the non-moving party in a determinative way, summary judgment is inappropriate.[19]

9.     Therefore, the Court hereby finds, when viewing the evidence and drawing all reasonable inferences in a light most favorable to Lang/Becks Woods, the non-moving parties, that a rational trier of fact could find that United Medical

---

[17] *Helm*, 107 A.3d at 1081 (citing *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998)).
[18] *See id.* (citing *Trievel*, 714 A.2d at 745); *Manerchia v. Kirkwood Fitness & Racquetball Clubs, Inc.*, 2010 WL 1114927, at *2 (Del. Mar. 25, 2010) (TABLE).
[19] *Espinoza v. Zuckerberg*, 124 A.3d 47, 53 (Del. Ch. 2015) (quoting *Cerberus Int'l, Ltd. V. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002)). *See also Buchanan v. TD Bank, N.A.*, 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (noting that summary judgment is rare in negligence cases "because the movant must show 'not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inference to be drawn from the contested facts are adverse to the plaintiff.'") (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966)); *Rowe v. Estate of McGrory*, 2013 WL 2296076, at *2 (Del. Super. Apr. 12, 2013) ("Moreover, 'if it appears [to the Court] that there is *any reasonable hypothesis* by which the non-moving party might recover,' the motion will be denied.") (alteration in original) (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 591–92 (Del. Super. 2001)).

7

breached its contractual duty as a commercial tenant and/or exercised control over the sidewalk. Accordingly, summary judgment is inappropriate.

**NOW, THEREFORE, this 19th day of April 2021, the Motion for Summary Judgment of Third-Party Defendant United Medical, LLC is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**