■ RICHARD DAVIDSON et al., Respondents, v MIELE SANITATION Co. NY, INC., Defendant, and CLARKSTOWN RECYCLING CENTER, INC., Appellant. [780 NYS2d 606]—

Motion by the appellant, in effect, to clarify a decision and order of this Court dated March 22, 2004 [5 AD3d 623], which determined an appeal from an order of the Supreme Court, Rockland County, dated January 7, 2003.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted, the decision and order dated March 22, 2004, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the defendant Clarkstown Recycling Center, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated January 7, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff Richard Davidson (hereinafter the plaintiff) allegedly sustained personal injuries while employed at a transfer station operated by the defendant Clarkstown Recycling Center, Inc. (hereinafter Clarkstown), as he was assisting the driver of a truck owned by the Town of Clarkstown to back into one of the truck bays. The bays are separated by vertical support columns protected by guardrail barriers and each bay is identified by a small aluminum sign attached to the crossbar. While backing into bay "1," the driver hooked his truck fender on the crossbar thereby wedging one of the tires against it. The plaintiff directed the driver to turn the steering wheel and drive the truck forward to disengage it from the barrier. As a result, the tire suddenly exploded after being punctured by the sharp edge of the crossbar, the force of the explosion ripping the sign from the guardrail and propelling it through the air some 15 feet where it struck the plaintiff. The Supreme Court denied Clarkstown's motion for summary judgment, finding issues of fact regarding foreseeability and proximate cause.

The Supreme Court erred in denying the motion for summary judgment. While the issue of proximate cause is ordinarily for the jury to resolve, it may nevertheless be determined as a matter of law that a defendant's conduct was not the proximate cause of an injury if the evidence conclusively establishes that there was an intervening act which was so extraordinary or far removed from the defendant's conduct as to be unforeseeable (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Under the extraordinary sequence of events presented here, the risk of injury was unforeseeable as a matter of law (*see Di Ponzio v Riordan*, 89 NY2d 578 [1997]; *see also Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]). Prudenti, P.J., Ritter, Schmidt and Rivera, JJ., concur.