■ LORETTA CORBISIERO et al., Appellants, v HOWARD HECHT et al., Respondents. [792 NYS2d 361]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 24, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Relying on the deposition of the plaintiff Loretta Corbisiero (hereinafter the plaintiff), the defendants established their prima facie entitlement to judgment as a matter of law because the plaintiff was unable to establish that she fell on the defendants' property (*see e.g. LaFemina v Brambell*, 2 AD3d 409 [2003]; *Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384, 387 [1998]; *McGee v City of New York*, 252 AD2d 483, 484 [1998]). The plaintiff's affidavit in opposition, as a belated attempt to avoid the consequences of her prior inability to sufficiently identify the location of her fall, could not be used to raise a triable issue of fact (*see Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256, 257 [1997]; *see also McPherson v Glenwood Estates*, 208 AD2d 699, 701 [1994]). In any event, the defendants had no obligation to clear the snow and ice from the grassy area adjacent to the curb (*see Wesolowski v Wesolowski*, 306 AD2d 402 [2003]).

The plaintiffs' remaining contention is not preserved for ap-

pellate review and, in any event, is without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.