■ PHILIP PALMER et al., Appellants, v CENTER FOR NURSING AND REHABILITATION, Respondent, et al., Defendants. [795 NYS2d 667]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 24, 2003, which, in effect, granted the motion of the defendant Center for Nursing and Rehabilitation to preclude the testimony of the plaintiffs' expert, and granted the cross motion of that defendant for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as, in effect, granted the motion of the defendant Center for Nursing and Rehabilitation to preclude the testimony of the plaintiffs' expert is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Philip Palmer was employed as a roll-off truck driver to haul rubbish compactors at various regularly-scheduled locations. On January 30, 2000, the compactor he was scheduled to pick up at the Center for Nursing and Rehabilitation (hereinafter CNR) was obstructed by snow, allegedly plowed into the compactor by CNR employees. Palmer partially extricated the compactor from the snow by using his truck to raise and drag it. While removing snow by hand from around the compactor, Palmer's arm was crushed between the compactor and the truck's hoist. Palmer did not know if the truck, the compactor, or the hoist had moved, or what had caused the movement. Palmer sued CNR, alleging that CNR's negligent snow removal was the proximate cause of his injuries.

CNR demonstrated its prima facie entitlement to summary judgment dismissing the cause of action based on Labor Law § 200 on the ground that it owed no duty to protect Palmer from the hazard which resulted in his injuries (*see Marasco v C.D.R. Elecs. Sec. & Surveillance Sys. Co.*, 1 AD3d 578, 580 [2003]). Although Labor Law § 200 imposes a duty on an owner to provide a safe workplace, "[a]n owner does not owe a duty to protect a contractor's employee from hazards resulting from the contractor's methods over which the owner exercises no supervisory control" (*Marin v San Martin Rest.*, 287 AD2d 441, 441-442 [2001] [internal quotation marks deleted]; *see also Lombardi v Stout*, 80 NY2d 290, 295 [1992]).

CNR also demonstrated its prima facie entitlement to summary judgment dismissing the plaintiffs' cause of action based on common-law negligence on the ground that its conduct was not the proximate cause of Palmer's injuries (*see Marasco v C.D.R. Elecs. Sec. & Surveillance Sys. Co., supra*). "While the issue of proximate cause is ordinarily for the jury to resolve, it may nevertheless be determined as a matter of law that a defendant's conduct was not the proximate cause of an injury if the evidence conclusively establishes that there was an intervening act which was so extraordinary or far removed from the defendant's conduct as to be unforeseeable" (*Davidson v Miele Sanitation Co. NY, Inc.*, 9 AD3d 346, 348 [2004]). Palmer's conduct was such an intervening act, and the concomitant risk of injury to him as a result was unforeseeable as a matter of law (*see Davidson v Miele Sanitation Co. NY, Inc., supra*). Therefore, liability may not reasonably be attributed to CNR (*see Prysock v Metropolitan Transp. Auth.*, 251 AD2d 308, 309 [1998]).

In opposition to CNR's motion, Palmer failed to raise a triable issue of fact as to whether CNR owed a duty to protect him from the hazard that resulted in his injuries, and whether any conduct by CNR was the proximate cause of his injuries (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted CNR's motion for summary judgment.

In light of our determination, the appeal from so much of the order as, in effect, granted CNR's motion to preclude the testimony of the plaintiffs' expert is dismissed as academic. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.