■ SUSAN PALMER, Respondent, v JOSEPH VITRANO et al., Appellants. [815 NYS2d 642]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 4, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured while exiting the defendants' convenience store when her leg came into contact with a display of firewood located immediately outside and to the right of the doorway. The plaintiff claims, inter alia, that the placement of the display was the proximate cause of her accident, and that the defendants breached their duty of reasonable care by negligently placing the display in the entranceway such that it prevented exiting customers from having enough clearance to safely exit the premises.

The defendants moved for summary judgment, claiming that they had no actual or constructive notice of any dangerous or defective condition, and that the subject display was not a proximate cause of the plaintiff's accident. The Supreme Court denied the defendants' motion on the ground that triable issues of fact existed as to whether the condition was hazardous, whether it was created by the defendants and caused the fall, and whether the plaintiff was comparatively negligent. We affirm.

The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). For example, the deposition of the franchisee submitted by the defendants was insufficient to meet their prima facie burden of showing lack of notice of a dangerous condition (*see Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]) since it is evident that the franchisee was not a person with knowledge of the day-to-day operation of the store (*see Gladstone v Burger King Corp.*, 261 AD2d 357 [1999]).

Moreover, the Supreme Court correctly concluded that whether the placement of the subject display created a hazardous condition is an issue of fact for the jury (*see Fasano v Green-Wood Cemetery*, 21 AD3d 446 [2005]; *cf. Trincere v County of Suffolk*, 90 NY2d 976 [1997]), as are the remaining issues presented by the defendants' motion, including whether the place-

ment of the subject display was a proximate cause of the plaintiff's accident (*see Palmer v Center for Nursing & Rehabilitation,* 18 AD3d 634 [2005]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.