■ Maria Espinoza, Appellant, v Hemar Supermarket, Inc., Respondent. [841 NYS2d 680]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 17, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell over a stack of empty milk crates in the aisle of the defendant's supermarket after she retrieved a carton of heavy cream from the dairy section. The plaintiff alleged that the defendant's negligent placement of the empty crates proximately caused her to fall. At the time of the accident, the manager of the dairy department was restocking the milk shelf in the vicinity of the area where the plaintiff fell.

A landowner has a duty to maintain his premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]). However, he has no duty to protect or warn against an open and obvious condition which as a matter of law is not inherently dangerous (*see Bernth v King Kullen Grocery Co., Inc.*, 36 AD3d 844 [2007]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]; *Rosa v Food Dynasty*, 307 AD2d 1031 [2003]).

In support of its motion for summary judgment, the defendant established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable

issue of fact (*see Bernth v King Kullen Grocery Co., Inc., supra; Rosa v Food Dynasty,* 307 AD2d 1031 [2003]; *cf. Palmer v Vitrano,* 29 AD3d 656 [2006]; *Belogolovkin v 1100-1114 Kings Highway LLC,* 35 AD3d 514 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.