■ Sylvia Flaim, Appellant, v Hex Food, Inc., Doing Business as Price Choice, et al., Respondents, et al., Defendants. [912 NYS2d 426]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated September 24, 2009, as granted that branch of the motion of the defendants Hex Food Inc., doing business as Price Choice, and Hex Food, Inc., doing business as Price Rite Food Market, which was for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell over a so-called "U-boat" dolly which had been left unattended in the middle of a supermarket aisle. The supermarket was owned by the defendants Hex Food, Inc., doing business as Price Choice, and Hex Food Inc., doing business as Price Rite Food Market (hereinafter together the defendants). At her deposition, the plaintiff testified that, at the time of her accident, five or six closed boxes were stacked on top of the U-boat dolly.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability. The defendants established, prima facie, that the U-boat dolly in the aisle was both open and obvious and not inherently dangerous (*see Stern v Costco Wholesale*, 63 AD3d 1139, 1140 [2009]; *Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]; *Espinoza v Hemar Supermarket, Inc.*, 43 AD3d 855 [2007]; *Bernth v King Kullen Grocery Co., Inc.*, 36 AD3d 844 [2007]; *cf. Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636-637 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). For the same reason, the plaintiff failed to establish her own entitlement to judgment as a matter of law. Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32400(U).]**