■ BETTY BENSON, Appellant, v IT&LY HAIRFASHION, NA, INC., et al., Respondents. [943 NYS2d 137]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 22, 2011, which granted the separate motions of the defendant IT&LY Hairfashion, NA, Inc., the defendant Useful Salon Solutions, and the defendants HPT TRS IHG-2, Inc., and IHG Management (Maryland), LLC, for summary judgment dismissing the amended complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff commenced this personal injury action against the organizer, Useful Salon Solutions, LLC (hereinafter Useful), and sponsor, IT&LY Hairfashion, NA, Inc. (hereinafter IT&LY), of an exhibition marketing hair coloring techniques and products, as well as the owner of the hotel, HPT TRS IHG-2, Inc., where the exhibition took place, and the hotel's management company, IHG Management (Maryland), LLC (hereinafter together the hotel defendants). The plaintiff allegedly tripped over one of the legs of a tripod which held a spotlight that was illuminating the stage. The defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted the motions.

There is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (*see Holdos v American Consumer Shows, Inc.*, 91 AD3d 823 [2012]; *Pipitone*

*v 7-Eleven, Inc.*, 67 AD3d 879 [2009]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them by presenting evidence that the leg of a tripod over which the plaintiff allegedly tripped and fell was open and obvious, and was not inherently dangerous (*see Flaim v Hex Food, Inc.*, 79 AD3d 797, 798 [2010]; *Stern v Costco Wholesale*, 63 AD3d 1139, 1140 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Lipsker v 650 Crown Equities, LLC*, 81 AD3d 789, 790 [2011]; *see generally Kokin v Key Food Supermarket, Inc.*, 90 AD3d 850, 850-851 [2011]).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.