In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered October 11, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly tripped and fell in one of the aisles of the defendants’ store and sustained injuries. The plaintiff subsequently commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what had caused him to fall and that, in any event, the alleged hazardous condition was open and obvious and not inherently dangerous. In support of the motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff wherein he stated that after he fell, he saw three folded-up beach chairs stacked and leaning against the wall in the aisle. The Supreme Court granted the motion, finding that the condi *958 tion of the chairs was open and obvious and not inherently dangerous. We affirm.
The defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the condition at issue was open and obvious and not inherently dangerous (see Flaim v Hex Food, Inc., 79 AD3d 797 [2010]; Stern v Costco Wholesale, 63 AD3d 1139 [2009]; Gagliardi v Walmart Stores, Inc., 52 AD3d 777 [2008]; Espinoza v Hemar Supermarket, Inc., 43 AD3d 855 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Based upon the foregoing determination, the plaintiff’s remaining contention has been rendered academic.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
Mastro, J.E, Chambers, Lott and Cohen, JJ., concur.