(July 30, 2014)

■ GEORGIA BENJAMIN, Respondent, v TRADE FAIR SUPERMARKET, INC., et al., Appellants. [989 NYS2d 872]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Queens County (Lebowitz, J.), entered September 4, 2013, which denied their motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.

The plaintiff allegedly was injured when she tripped and fell over boxes left in the meat aisle of the defendants' supermarket. She commenced this action to recover damages for personal injuries against the defendants alleging, inter alia, that they negligently left the boxes in the supermarket aisle.

A landowner has a duty to maintain his or her premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). However, there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Benson v IT&LY Hairfashion, NA, Inc.*, 94 AD3d 932, 932 [2012]; *Holdos v American Consumer Shows, Inc.*, 91 AD3d 823, 823 [2012]; *Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632 [2008]; *Espinoza v Hemar Supermarket, Inc.*, 43 AD3d 855 [2007]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject boxes in the supermarket aisle were open and obvious (i.e., readily observable by the reasonable use of one's senses), and not inherently dangerous (*see Flaim v Hex Food, Inc.*, 79 AD3d 797 [2010]; *Stern v Costco Wholesale*, 63 AD3d 1139 [2009]; *Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632 [2008]; *Espinoza v Hemar Supermarket, Inc.*, 43 AD3d 855 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.