■ JOSEPH PASSANTINO et al., Respondents, v MADE REALTY CORP., Appellant. [996 NYS2d 53]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated March 26, 2013, which granted the plaintiffs' motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) and denied the defendant's cross motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 240 (1), and a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-1.7 (d) and (e) (2). Justice Rivera has been substituted for former Justice Lott (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-1.7 (d) and (e) (2), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Joseph Passantino was part of a three-man crew installing fiber optic cable at the defendant's property. The crew was working inside a courtyard area where the ground was covered with sand and gravel. Passantino was holding the bottom of an unsecured extension ladder while his coworker stood on the ladder above him, installing the cable. Passantino let go of the ladder in order to reach some cable, the ladder started to "kick out," and began to fall. Passantino reached out in order to stop the ladder and his coworker from falling, allegedly causing him to slip on sand and gravel in the area, and tear a tendon in his arm.

Contrary to the defendant's contention, the hazard presented here is one contemplated by Labor Law § 240 (1) (*see Salvagno v J.P. Spano & Co., Inc.*, 67 AD3d 986, 987 [2009]; *see also Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 675 [2013]). Indeed, the harm to Passantino was "the direct consequence of the application of the force of gravity" to the ladder (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]). The plaintiffs met their prima facie burden of establishing their entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) by demonstrating that the defendant failed to provide Passantino with a safety device, and that this violation was a proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]; *Klein v City of New York*, 89 NY2d 833, 835

[1996]). In opposition to this prima facie showing, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and properly denied that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action.

However, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-1.7 (d) and (e) (2). The defendant demonstrated, prima facie, that these provisions were inapplicable, as Passantino did not trip and was not injured in an area constituting a floor, passageway, walkway, scaffold, platform, or other elevated working surface (*see Zastenchik v Knollwood Country Club*, 101 AD3d 861, 863 [2012]; *Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1296 [2012]; *Hertel v Hueber-Breuer Constr. Co., Inc.*, 48 AD3d 1259, 1260 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. Mastro, J.P., Rivera, Chambers and Roman, JJ., concur.