■ TAKANO CALISE, Appellant, v COSTCO WHOLESALE CORPORATION, Respondent. [998 NYS2d 895]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered March 21, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly walked into a pole that was part of a steel frame canopy on display in one of the aisles of the defendant's warehouse store. Immediately prior to the accident, the plaintiff was walking in the aisle, looking at some merchandise

to her left, when she walked into the pole, allegedly causing injuries to her right eye and nose. After the plaintiff commenced this action, the defendant moved for summary judgment, arguing that the presence of the canopy and the supporting poles was open and obvious and not inherently dangerous. The Supreme Court granted the motion, and the plaintiff appeals.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the presence of the canopy and the supporting poles was open and obvious and not inherently dangerous (see *Koepke v Deer Hills Hardware, Inc*, 118 AD3d 957 [2014]; *Stern v Costco Wholesale*, 63 AD3d 1139 [2009]; *Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632 [2008]; *Connor v Taylor Rental Ctr.*, 278 AD2d 270 [2000]; cf. *Russo v Home Goods, Inc.*, 119 AD3d 924 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.