■ ANDREA MULLEN et al., Appellants, v HELEN KELLER SERVICES FOR THE BLIND, Respondent. [23 NYS3d 350]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Marber, J.), dated April 14, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Andrea Mullen (hereinafter the injured plaintiff) alleged that on March 1, 2011, while she was training to become a direct care worker for the mentally disabled and blind at the defendant's facility located in Hempstead, she tripped and fell over a treadmill located in the gym.

"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Farrar v Teicholz*, 173 AD2d 674, 676 [1991]; *see Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *Millman v Citibank*, 216 AD2d 278 [1995]). In this case, to impose liability upon the defendant for the injured plaintiff's fall, there must be evidence that a dangerous or defective condition existed, and that the defendant had actual or constructive notice of the condition and failed to remedy it within a reasonable time (*see Drago v DeLuccio*, 79 AD3d 966 [2010]). "[W]hether a dangerous or defective condition exists on

the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901 [2013]). While a possessor of real property has a duty to maintain that property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Milewski v Washington Mut., Inc.*, 88 AD3d 853 [2011]), there is no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Mathew v A.J. Richard & Sons*, 84 AD3d 1038, 1039 [2011]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713; *see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]).

Here, the evidence submitted in support of the defendant's motion for summary judgment established, prima facie, that the treadmill was open and obvious, and not inherently dangerous as a matter of law (*see Correnti v Chinchilla*, 131 AD3d 1095 [2015]; *Calise v Costco Wholesale Corp.*, 124 AD3d 815, 816 [2015]; *Lew v Manhasset Pub. Lib.*, 123 AD3d 1096, 1097 [2014]; *Mathis v D.D. Dylan, LLC*, 119 AD3d 908, 909 [2014]; *Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d 851, 852 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.