Nannariello v Kohl's Dept. Stores, Inc. (2018 NY Slip Op 03689)





Nannariello v Kohl's Dept. Stores, Inc.


2018 NY Slip Op 03689


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-01718
 (Index No. 67731/13)

[*1]Joseph Nannariello, as administrator of the estate of Marie Nannariello, appellant, 
v
Kohl's Department Stores, Inc., et al., respondents.


Shafran & Mosley, P.C., White Plains, NY (Howard E. Shafran of counsel), for appellant.
Gruvman, Giordano & Glaws, LLP, New York, NY (Charles T. Glaws of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injures, the plaintiff appeals from an order of the Supreme Court, Orange County (Lewis J. Lubell, J.), dated February 16, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Marie Nannariello (hereinafter the decedent) commenced this action against Kohl's Department Stores, Inc., and Kohl's Yonkers (hereinafter together the defendants) to recover damages for personal injuries she allegedly sustained when she fell at the defendants' department store in Yonkers, while attempting to walk past a merchandise rack situated in one of the aisles. In an order dated February 16, 2016, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The decedent appealed from the order, and died while this appeal was pending. Joseph Nannariello, as the administrator of the decedent's estate (hereinafter the plaintiff), was substituted as the plaintiff.
"A landowner has a duty to maintain his or her premises in a reasonably safe manner" (Benjamin v Trade Fair Supermarket, Inc., 119 AD3d 880, 881). "However, there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (id. at 881; see Neiderbach v 7-Eleven, Inc., 56 AD3d 632, 633; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including the decedent's deposition testimony, demonstrating that the merchandise rack in the aisle was both open and obvious and that it was not inherently dangerous (see Calise v Costco Wholesale Corp., 124 AD3d 815, 816; Flaim v Hex Food, Inc., 79 AD3d 797, 798; Stern v Costco Wholesale, 63 AD3d 1139, 1140; Neiderbach v 7-Eleven, Inc., 56 AD3d at 633; Kaufmann v Lerner N.Y., Inc., 41 AD3d 660, 661; Chiransky v Marshalls, Inc., 273 AD2d 266, 266). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing [*2]the complaint.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court