Grosskopf (2018 NY Slip Op 08011)





Grosskopf


2018 NY Slip Op 08011


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06173
 (Index No. 5240/10)

[*1]Michael Grosskopf, appellant, Beechwood Organization, et al., respondents (and a third-party action).


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Arshia Hourizadeh], of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, White Plains, NY (Deborah A. Summers of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated April 26, 2016. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he slipped and fell on snow and ice on a grassy lawn in front of a townhouse in a residential complex that was under construction. At the time of the accident, the plaintiff was working for a cabinet company that was responsible for delivering and installing cabinets for the residences being constructed on the premises. The plaintiff commenced this action against the defendants, as alleged owners and general contractors, to recover damages for personal injuries. At his deposition, the plaintiff testified that, while delivering cabinets, he stepped onto a grassy lawn abutting the driveway on the premises, walked toward the rear of his truck, and slipped on snow and ice on the grass. After discovery, the defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved to amend the complaint to add three additional defendants. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.
"There is no duty to protect or warn against an open and obvious condition which is not inherently dangerous" (Benson v IT & LY Hairfashion, NA, Inc., 94 AD3d 932, 932; see Fishelson v Kramer Props., LLC, 133 AD3d 706, 707). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence by presenting evidence that the snow and ice condition was open and obvious and was not inherently dangerous (see Benson v IT & LY Hairfashion, NA, Inc., 94 AD3d at 932; Atehortua v Lewin, 90 AD3d 794, 794-795). Morever, the defendants had no duty to shovel or otherwise remedy the snow and ice condition on the grassy lawn, which was not designed to be a passageway (see Belo-Osagie v Starrett City Assn, 41 AD3d 521, 521; Corbisiero v Hecht, 17 AD3d 396, 396; Wesolowski v Wesolowski, 306 AD2d 402; Rosenbloom v City of New York, 254 AD2d 474, 475). In opposition, the plaintiff failed to raise a triable issue [*2]of fact (see Fishelson v Kramer Props., LLC, 133 AD3d at 707-708). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence.
We also agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241(6), which "imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed'" (Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086, quoting Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). In order to establish liability under Labor Law § 241(6), " a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Rodriguez v 250 Park Ave., LLC, 161 AD3d 906, quoting Aragona v State of New York, 147 AD3d 808, 809).
Here, the plaintiff's Labor Law § 241(6) claim is predicated on an alleged violation of 12 NYCRR 23-1.7(d) and (e). The defendants established, prima facie, that those provisions were inapplicable to this case because the accident did not occur on a passageway or in a work area (see Passantino v Made Realty Corp., 121 AD3d 957, 959; Constantino v Kreisler Borg Florman Gen. Constr. Co., 272 AD2d 361, 362). In opposition, the plaintiff failed to raise a triable issue of fact (see Passantino v Made Realty Corp., 121 AD3d at 959).
We also agree with the Supreme Court's denial of the plaintiff's cross motion to amend the complaint, as the proposed amendment was patently devoid of merit (see Sinistaj v Maier, 82 AD3d 868, 869).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court