Sarab v BJ's Wholesale Club (2019 NY Slip Op 06009)





Sarab v BJ's Wholesale Club


2019 NY Slip Op 06009


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10623
 (Index No. 52540/16)

[*1]Lois Sarab, etc., et al., appellants,
v BJ's Wholesale Club, respondent.


Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for appellants.
Morrison Mahoney LLP, New York, NY (Demi Sophocleous of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated August 21, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Lois Sarab (hereinafter the injured plaintiff) allegedly tripped and fell over the corner of a wooden pallet which protruded from beneath a display of cantaloupes in the defendant's store. The injured plaintiff, and her husband suing derivatively, commenced the instant action against the defendant, inter alia, to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, allowing a dangerous condition to exist on its premises. The defendant moved for summary judgment dismissing the complaint on the ground, among others, that the allegedly dangerous condition was open and obvious, and not inherently dangerous as a matter of law. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.
While a landowner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (see Graffino v City of New York, 162 AD3d 990, 991; Genefar v Great Neck Park Dist., 156 AD3d 762; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendant established, prima facie, that the pallet was open and obvious and readily observable by the reasonable use of one's senses, and that the pallet was not inherently dangerous (see Frankl v Costco Wholesale Corp., 165 AD3d 760, 761; Bartholomew v Sears Roebuck & Co., 159 AD3d 786, 787; Gerner v Shop Rite of Uniondale, Inc., 148 AD3d 1122, 1123; Benjamin v Trade Fair Supermarket, Inc., 119 AD3d 880, 881). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court