Young Min Kim v Jetro Cash & Carry Enters., LLC (2025 NY Slip Op 01837)

Young Min Kim v Jetro Cash & Carry Enters., LLC

2025 NY Slip Op 01837

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-02541
 (Index No. 705044/19)

[*1]Young Min Kim, appellant, 
v
Jetro Cash and Carry Enterprises, LLC, respondent.

Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC, Garden City, NY (Melissa C. Ingrassia of counsel), for appellant.
Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated December 21, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained when he was at the defendant's store and made contact with a pallet with merchandise on top of it. The pallet with merchandise was in the middle of an aisle, and the plaintiff observed it prior to the accident.
The defendant moved for summary judgment dismissing the complaint. In an order dated December 21, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). However, a landowner has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Cortes v King Kullen Grocery Co., Inc., 210 AD3d 949, 950; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendant established, prima facie, that the pallet with the merchandise in the middle of the aisle was open and obvious and not inherently dangerous (see Cortes v King Kullen Grocery Co., Inc., 210 AD3d at 950; Ramirez v Creative Linen House, Inc., 170 AD3d 913; Flaim v Hex Food, Inc., 79 AD3d 797, 798). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court