| |
|---|
| **Goldenberg v Huhnsik Chung** |
| 2026 NY Slip Op 31003(U) |
| March 17, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 525326/2021 |
| Judge: Richard Velasquez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 66 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 17TH day
of MARCH, 2026

PRESENT:
HON. RICHARD VELASQUEZ

                                    Justice.
-------------------------------------------------------------------X
JOYCE GOLDENBERG, M.D.,

                              Plaintiff,          Index No.: 525326/2021
        -against-                                 Decision and Order
                                                  Mot. Seq. No. 2, 3, 4
HUHNSIK CHUNG KEITH THEODORE, JR.
d/b/a THEODORE FLOORS, THE BOARD OF
 MANAGERS OF THE GOTHAM CONDOMINIUM,
and FIRST SERVICE RESIDENTIAL NEW YORK, INC.,

                              Defendants,
-------------------------------------------------------------------X

The following *papers NYSCEF* Doc #'s 35_ to 99_ read on this motion:

| Papers | NYSCEF DOC NO.'s |
|---|---|
| Notice of Motion/Order to Show Cause | |
| Affidavits (Affirmations) Annexed_____ | 35-54; 57-64; 66-77 |
| Opposing Affidavits (Affirmations)_____ | 78-81; 82-84; 85-87; 88; 89 |
| Reply Affidavits_____ | 90; 95; 96;97; 98; 99 |

After having come before the Court and the court having heard Oral Argument on

January 29, 2025, and after reviewing the foregoing papers the court finds as follows:

THE BOARD OF MANAGERS OF THE GOTHAM CONDOMINIUM, and

FIRSTSERVICE RESIDENTIAL NEW YORK INC. s/h/a FIRST SERVICE RESIDENTIAL

NEW YORK, INC. move this court for an order granting summary judgment and

dismissing all claims and crossclaims pursuant to CPLR 3212. Contending Summary

judgment is appropriate as a matter of law because plaintiff, the owner of the

Page **1** of **7**

condominium unit, owns the unit in fee simple absolute. Defendants Board of Managers contend THE CONDO and FIRSTSERVICE are not liable to plaintiff for negligence as they did not owe a duty to repair the floor. Pursuant to the By-Laws, the plaintiff is required to maintain and repair the interior of her apartment unit. Furthermore, THE CONDO and FIRSTSERVICE did not create the allegedly dangerous condition of the water-damaged, buckled floor tiles, nor did they perform any work that allegedly caused the leak and consequent water damage or the allegedly negligent floor repairs. (MS#2)

Defendant HUHNSIK CHUNG also move this court for an order granting summary judgment and dismissing all claims and crossclaims pursuant to CPLR 3212, contending he was not negligent and was not on notice of any dangerous or defective condition in the dishwasher in his unit. Additionally, defendant contends the water to the dishwasher was shut off on May 5, 2021 the date the leak was discovered and was not turned back on for six months while waiting for a new dishwasher to be delivered during covid. (MS#3).

Defendant, KEITH THEODORE, JR. d/b/a THEODORE FLOORS, also moves this court for an order granting summary judgment and dismissing all claims and crossclaims pursuant to CPLR 3212. Contending there was no water on the floor when work concluded that day, and that plaintiff refused to allow defendant back into apartment to complete the work. (MS#4).

## FACTS

The instant action arises from an alleged slip and fall on June 30, 2021. Plaintiff allegedly slipped and fell on the wet flooring inside her own condo unit at 170 East 87th Street, Apt. 6EW, New York, N.Y. on June 30, 2021. It is alleged a water leak originated from the dishwasher in the condo unit above, which leaked into the plaintiff's unit and

caused her wood floor to buckle. Plaintiff retained the contractor to repair/replace her wood floor, who allegedly performed negligent floor repairs and caused the plaintiff to slip.

The plaintiff alleges that a leak occurred in her apartment that stemmed from a dishwasher in the unit immediately above her, owned by the defendant HUHNSIK CHUNG on May 5, 2021. As a result of damage to the floor of the plaintiff's hallway described above, she hired defendant Theodore Floors to make repairs. Plaintiff alleges the repairs were still underway when she slipped and fell in the hallway in her condo. Plaintiff alleges the water she fell on occurred as a result of the leak occurring almost two months earlier on May 5, 2021.

Defendant HUHNSIK CHUNG alleges that on or about May 5, 2021, a leak was discovered from the dishwasher in the Chung apartment. The leak was discovered when employees of the building came to the Chung unit and took the toe kick off the bottom of the dishwasher while it was running. On that date, May 5, 2021 the dishwasher and its water supply were shut off in their entirety until a new dishwasher was installed approximately six months later. During the six months the water remained shut off and the broken dishwasher was never used.

Thereafter, Plaintiff retained "Theodore Floors" to perform the floor repair work, and the contractor began "demolishing the floors." NYSCEF DOC NO. 43, p. 24-28, 107. A copy of the relevant invoice was marked as exhibit "A" at plaintiff's deposition, See NYSCEF DOC NO. 44"; and See NYSCEF DOC NO. 43, p. 110. It is alleged in plaintiff deposition transcript "two levels of wood were removed" and "pushed off to the side of the hallway," and "the entire width of the hallway was removed" which resulted in "exposed concrete." See NYSCEF DOC NO. 43, p. 29, 30, 31. It is alleged by the plaintiff that water continued to accumulate in this area, and her contractor told her that "it had to dry

[* 3]

naturally, and it would take several weeks." See NYSCEF DOC NO. 43, p. 34, 118, 120. Plaintiff asked her contractor how she was to go in-and-out of her master bedroom, and her contractor told her "to be careful." See NYSCEF DOC NO. 43, p. 33-34. 13. On the evening of the accident, plaintiff testified she observed "puddles" of water on the exposed concrete in front of her bedroom, and there had been water there "for a couple of days." See NYSCEF DOC NO. 43, p. 38, 39, 42. Plaintiff also alleges said water "originated from the apartment above." See NYSCEF DOC NO. 43, p. 123. Therefore, it seems to be plaintiff's position that the water she allegedly fell on, on June 30, 2021, is the same water that came from the leak on May 5, 2021.

Defendant, KEITH THEODORE, JR. d/b/a THEODORE FLOORS, alleges when his work concluded for that day there was no water on the floor in the hallway and said hallway was completely dry. Defendant also alleges when he returned to continue the third day of work and was informed plaintiff fell; he questioned how she could have fell because he observed there was no moisture on the floor. Plaintiff then refused to allow defendant to continue the work. Defendant also alleges and plaintiff admits that defendant was not hired to dry the floors defendant KEITH THEODORE, JR. d/b/a THEODORE FLOORs was hired to replace flooring not dry floors

## ANALYSIS

It is well established that a moving party for summary judgment must make a prima facie showing of entitlement as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact. *Winegrad v. New York Univ. Med. Center*, 64 NY2d 851, 853 (1985). Once there is a prima facie showing, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form to establish material issues of fact, which require a trial of the action. *Zuckerman v.*

[* 4]

*City of New York*, 49 NY2d 557 (1980); *Alvarez v. Prospect Hosp.*, 68 NY2d 320 (1986). However, where the moving party fails to make a prima facie showing, the motion must be denied regardless of the sufficiency of the opposing party's papers.

The proponent of a motion for summary judgment carries the initial burden of production of evidence as well as the burden of persuasion. The moving party must tender sufficient evidence to show the absence of any material issue of fact and the right to judgment as a matter of law. *Zuckerman v. City of New York*, 49 NY2d 557 (Ct of Appeals, 1990). A motion for summary judgment will be granted "if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing the judgment in favor of any party". CPLR 3212 (b). The "motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact." *Id.* Summary judgment is proper when there are no issues of triable fact (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986].) Issue finding rather than issue determination is its function (*Sillman v. Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957].)

A motion for summary judgment is a drastic measure and to be used sparingly (*Wanger v. Zeh*, 45 Misc2d 93 [Sup Ct, Albany County], aff'd 26 AD2d 729 [3rd Dept 1965]). When deciding a motion for summary judgment, the court must "view the evidence in the light most favorable to the plaintiff, as the nonmoving party, and afford him the benefit of every favorable inference. Moreover, a motion for summary judgement should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility," *Leblanc v. Skinner*, 103 AD3d 202, 211-12 (2 Dept. 2012).

THE BOARD OF MANAGERS OF THE GOTHAM CONDOMINIUM, and

FIRSTSERVICE RESIDENTIAL NEW YORK INC. s/h/a FIRST SERVICE RESIDENTIAL NEW YORK, INC., motion for summary judgement is hereby granted. Pursuant to the By-Laws, the plaintiff is required to maintain and repair the interior of her apartment unit. See Article 6.9 titled "Maintenance and Repairs". Additionally, THE CONDO and FIRSTSERVICE did not have notice of nor did they create the allegedly dangerous condition of the water-damaged, buckled floor tiles, nor did they perform any work that allegedly caused the leak and consequent water damage or the allegedly negligent floor repairs. *See Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d 307 [1st Dept 2005]; *Nussbaum v 150 W. End Ave. Owners Corp.*, 76 AD3d 914 [1st Dept 2010]. As such their motion must be granted.

Defendant HUHNSIK CHUNG motion for summary judgment dismissing all claims and crossclaims pursuant to CPLR 3212 is hereby granted (MS#3), there are no issues of fact. There was no notice of the defect, it was a latent defect. Sufficient evidence has been proffered to establish Defendant HUHNSIK did not cause or create the alleged condition as his water was shut off well before this accident occurred. Additionally, the water in his apartment was shut off for 6 months total and 5 days short of two months before the alleged incident occurred. "To impose liability upon a defendant in a trip and fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time. *Mullen v. Helen Keller Servs. For the Blind*, 135 AD3d 837 (2d Dept. 2016); *See also (Dennehy-Murphy v. Nor-Topia Serv. Ctr. Inc.*, 61 AD3d 62 ,629 [2009]; *See Spindell v. Town of Hempstead*, 92 AD3d 669[2012]; *McMahon v. Gold*, 78 AD 3d 908, 909 [2010]." *Sermos v. Gruppuso*, 95 AD 3d 985 (2d Dept. 2012).

[* 6]

Defendant, KEITH THEODORE, JR. d/b/a THEODORE FLOORS, motion for summary judgment is hereby denied there are issues of fact. In the present case, there are conflicting stories regarding whether the condition even existed, (i.e. whether there was water on the floor). Including but not limited to whether the condition existed, whether alleged condition was open and obvious, as well as whether the parties acted reasonably in the situation, all raise issues of fact and credibility. Credibility is best left for a jury. Credibility is solely for the jury (*Sorokin v. Food Fair Stores*, 51 AD2d 592, 593, 378 NYS2d 492, 493; *Pertofsky v. Drucks*, 16 AD2d 690, 227 NYS2d 508; *Ellis v. Hoelzel*, 57 AD2d 968, 968, 394 NYS2d 91, 93 (1977). As such Defendant, KEITH THEODORE, JR. d/b/a THEODORE FLOORS, motion for summary judgment must be denied.

Accordingly, THE BOARD OF MANAGERS OF THE GOTHAM CONDOMINIUM, and FIRSTSERVICE RESIDENTIAL NEW YORK INC. s/h/a FIRST SERVICE RESIDENTIAL NEW YORK, INC., motion for summary judgement is hereby granted (MS#2), for the above stated reasons. Defendant HUHNSIK CHUNG motion for summary judgment dismissing all claims and crossclaims pursuant to CPLR 3212 is hereby granted (MS#3), for the above stated reasons. Defendant, KEITH THEODORE, JR. d/b/a THEODORE FLOORS, motion for summary judgment is hereby denied (MS#4), for the above stated reasons.

This constitutes the Decision/Order of the court.

Dated:      Brooklyn, New York
            March 17, 2026

ENTER FORTHWITH:

HON. RICHARD VELASQUEZ